# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:16-CR-153-T-36AEP

DIOMISIANO BARCO- BARCO
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR SENTENCING DOWNWARD VARIANCE TO THE MINIMUM MANDATORY SENTENCE

COMES NOW, the Defendant, DOMISIANO BARCO-BARCO, by and through undersigned counsel and pursuant to USSG§ 5H1.1 and 18 U. S. C §3553(a), hereby files this sentencing memorandum in support of a downward sentencing variance and moves this Honorable Court to sentence him a sentence of 120 months followed by a term of 5-years of supervised release, which is now a total sentence that is no higher than necessary to accomplish the statutory goals of sentencing. As grounds in support of Mr. Barco-Barco states as follows:

1. Citing from the United States Probation Pre-Sentence Report (hereinafter "PSR") Doc.88. Mr. Barco-Barco does not contest any of the factual findings outlined in the PSR or the said guideline calculation computation. PSR ¶¶ 18-28, 51-52, 54-55.

2. These guideline calculations call for a range of imprisonment of 135-168 months, with a minimum mandatory sentence of at least 120 months, followed by supervised release of five years. *Id.* Again, Mr. Barco-Barco does not object or seek to contest any of these matters.

3. Mr. Barco-Barco based upon the following requests a downward variance to the statutory mandatory minimum of 120 months/10 years.

**MOTION FOR DOWNWARD VARIANCE PURSUANT TO- U.S.S.G§5H1.1**

Mr. Barco-Barco as outlined in the PSR under the section "Identifying Data" is currently 60 years of age. Although in current times not at all meaning that his life is anywhere near over, but based upon these delicate circumstances a man of advanced age. In this specific case and in most cases of this nature individuals involved are normally decades younger than Mr. Barco-Barco. Furthermore, Mr. Barco-Barco is at least a dozen years older than either of his co-defendants.

U.S. S.G. § 5H1.1 allows for the Court to consider age as a reason to downward depart in a case where the defendant is elderly and or infirm. At age 60, even if this Honorable Court did depart to the mandatory minimum of 120months/10 years, Mr. Barco-Barco would still be a man in his late 60's before

his release. The likelihood that he would re-offend, or even be the probability that he would be in the physical condition to re-offend is slight at best.

Factoring in other 18 U. S. C. 3553 (a)(1)-(7) factors as outlined in the PSR ranging from lack of a prior criminal history, a consistent work history since 1980 in his home Country of Columbia, this would warrant this Honorable Court's heavy consideration for the slight downward variance that is requested. PSR ¶¶ 30-37, 49. Furthermore, the variance requested again would not hinder the established statutory purposes of sentencing in cases of this nature.

**WHEREFORE,** Mr. Diomisiano Barco-Barco, respectfully petitions this Honorable Court to grant a downward variance in his sentence from the current guideline range to the statutory minimum mandatory of 120 months.

Respectfully submitted,

DONNA L. ELM
FEDERAL PUBLIC DEFENDER

s/ *Howard C. Anderson*
Howard C. Anderson
Florida Bar No. 0130176
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: 813-228-2715
Facsimile: 813-228-2562
Email: Howard_Anderson@fd.org
Attorney *for* Mr. Barco-Barco

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with Clerk of Court for the Middle District of Florida and was hand delivered to Mr. Joseph K. Ruddy, Assistant United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602 this 19th day of September 2016.

           *s/Howard C. Anderson*
           Howard Anderson
           Assistant Federal Defender