# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:16-cr-153-CEH-AEP

DIOMISIANO BARCO BARCO

_____

## ORDER

This matter comes before the Court on Defendant Diomisiano Barco Barco's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 121. In the motion, Defendant requests an order reducing his sentence based on a combination of extraordinary and compelling reasons he urges supports compassionate release. The Government filed a response in opposition. Doc. 125. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A).

## I.   BACKGROUND

On September 22, 2016, Defendant was sentenced to a term of 121 months' incarceration, with a five-year term of supervised release, upon his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Doc. 97. Now 67 years old, he is incarcerated at Fort Dix FCI with an anticipated release date

of October 18, 2024. *See* https://www.bop.gov/inmateloc/ (last accessed October 11, 2023).

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that he should be released due to extraordinary and compelling circumstances. Doc. 121. Defendant submits that a combination of the COVID-19 pandemic, coupled with the Bureau of Prison's inability to manage the pandemic and Defendant's resulting medical conditions from having contracted COVID-19, including shortness of breath, fatigue, irregularities in heartbeat, and blurred vision, support a reduction in his sentence. Defendant states that he has exhausted his administrative remedies because he submitted a request for compassionate release to the warden of his facility more than thirty days ago. Plaintiff further argues that the uncontrolled outbreaks at Fort Dix significantly increase his risk of contracting COVID-19. Finally, because he has served over sixty percent of his sentence and he has maintained an excellent disciplinary record, he argues that a reduction in his sentence would still be sufficient to reflect the seriousness of the offense and afford adequate deterrence.

In response, the Government argues that Defendant has failed to exhaust his administrative remedies because the Bureau of Prisons' (BOP) records do not reflect that either of Defendant's purported requests were submitted to the warden. Next, the Government argues that even if Defendant had satisfied administrative exhaustion, his motion is due to be denied because he fails to establish that extraordinary and compelling reasons exist to support a reduction in his sentence. First, the Government indicates that Defendant's medical records do not reflect that he ever had COVID-19

or "long haul" symptoms of the virus. Second, the Government submits that Defendant has been vaccinated three times for the virus. Third, the Government contends that the Defendant's medical records reflect that he is being medically monitored and his care effectively managed in the prison environment. Finally, the Government argues that the possibility of Defendant being infected with COVID-19 is insufficient on its own to warrant Defendant's early release. Doc. 125.

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

> imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness

4

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III. DISCUSSION

### A. Administrative Exhaustion

As a threshold matter, the Court finds that Defendant has not adequately exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever

---

of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Defendant claims he submitted a request to the warden on December 27, 2021, which he references as attached. Doc. 121 at 2. However, the Government notes that neither the letter nor the Compassionate Release form that Defendant includes with his motion (Doc. 121 at 19–20) are contained in the BOP's records. Nothing about the documents demonstrate that the requests were submitted to or received by the warden. In this case, the Court agrees that Defendant has failed to meet his burden of demonstrating he exhausted his administrative remedies.

    **B.**    **Extraordinary and Compelling Reasons**

Even if administrative exhaustion is satisfied, however, Defendant's motion fails because Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in sentence. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.*

### 1. *Defendant's Medical Condition*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, *i.e.*, a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care); *see also United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (finding defendant failed to show his "high cholesterol, high blood pressure, and coronary artery disease" substantially diminished his ability to provide self-care as required by § 1B1.13, where his conditions were found to be "manageable in prison, despite the existence of the COVID-19 pandemic").

Defendant complains that he suffers from medical conditions associated with "long COVID." The Government points out, however, not only do Defendant's medical records fail to show he has symptoms of long-haul COVID, but they do not reflect he ever contracted the virus. His medical records reflect he suffers from medical

7

conditions including hyperlipidemia, a high BMI, bilateral lower varicose veins, vision problems, and chronic right knee pain, but he is being monitored and receiving treatment for these conditions. Doc. 125-1. Nothing contained within his records reflects that his conditions are terminal, with an end-of-life trajectory, or that he is unable to care for himself in the prison environment. Moreover, Defendant's vaccine status minimizes his risk. *See, e.g., United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19."); *United States v. Beltran*, No. 6:16-cr-00004, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to defendant with underlying health conditions when defendant had received first vaccine dose). Thus, this factor does not support a finding of extraordinary and compelling reasons for early release.

    2.    *Defendant's Age*

According to the Sentencing Commission's policy statement on compassionate release, the "Age of the Defendant" qualifies as an extraordinary and compelling reason to support a sentence reduction if the defendant: (1) "is at least 65 years old;" (2) "is experiencing a serious deterioration in physical or mental health because of the aging process;" and (3) "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. 1(B). Although Defendant meets the age requirement as he is 65, he has not served at least 10 years. However, it is likely that Defendant has served or is close to serving 75% of his sentence. That said,

Defendant must still establish he is experiencing a serious deterioration in physical or mental health due to the aging process to qualify for compassionate release under this category, which he fails to do. The medical records submitted by the Government reflect Defendant does not suffer from mental issues. Doc. 125-1 at 5. His hygiene, affect, speech, and mood were appropriate. *Id.* at 8. He denied anxiety, depression, or suicidal attempts. *Id.* at 5. As discussed above, his medical conditions are being monitored and he is being treated with medications. *Id.* at 9–10. Thus, Defendant fails to demonstrate a serious deterioration in physical or mental health to demonstrate extraordinary and compelling reasons exist based on his age.

      3.    *Other Reasons*

Defendant claims the COVID-19 pandemic coupled with his medical conditions establish "other reasons" supporting release. The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As a preliminary matter, the Eleventh Circuit has held that "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release where the prisoner's medical conditions did not meet § 1B1.13's criteria. *United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding "the mere existence of

COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release).

In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).

### C. Section 3553(a) Factors

"When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The Court finds above that no extraordinary and compelling reason exists to support a reduction in sentence, and thus, an analysis of the § 3553(a) factors is not warranted. Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 121) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies: Diomisiano Barco Barco, *pro se*
Counsel of Record